THE RECTOR, CHURCH WARDENS AND VESTRYMEN OF THE CHURCH OF THE HOLY TRINITY IN THE CITY OF BROOKLYN, et al., Plaintiffs, *v.* JOHN H. MELISH et al., Defendants.

Supreme Court, Special Term, Kings County, April 6, 1949.

*Theodore Kiendl* and *William R. Meagher* for plaintiffs.

*William Mason Smith* for John H. Melish and another, defendants.

*Raphael H. Weissman* for Lewis Reynolds and others, defendants.

*Jackson A. Dykman* for James P. De Wolfe, as Bishop of the Diocese of Long Island, defendant.

NORTON, J. This action is brought by the plaintiffs for a declaratory judgment and permanent injunction. The defendants' answers set up cross claims also asking for a declaratory judgment and a permanent injunction. Both plaintiffs and defendants seek injunctions *pendente lite*.

It appears that a controversy has arisen out of disagreement between the Rector and the Vestry and dissension among the parishioners of the Protestant Episcopal Church of the Holy Trinity, Brooklyn, New York. It is alleged that the Vestry initiated certain proceedings resulting in the Bishop, having certain jurisdiction of the church, and the Rector thereof rendering a judgment directing the removal of the Rector-defendant. Upon publication of said judgment of the Bishop, a committee to retain the Rector called a special meeting of the parish, at which meeting a resolution was adopted decreeing the removal of the Vestrymen and electing other members of the congregation in their place and stead. All of the acts of the various parties to this action are challenged by the plaintiffs and defendants, respectively.

The plaintiffs ask an injunction *pendente lite* restraining the defendants except the Bishop from (1) declaring vacant or filling by the election of successors the offices now held by the plaintiff Vestrymen; (2) interfering with the plaintiffs in the proper performance of their duties as Vestrymen during the respective terms of their office; and (3) preventing or delaying the due execution of the judgment of the Bishop that the pastoral relations be terminated on April 4, 1949.

The defendants except the Bishop seek cross relief, also by injunction *pendente lite*, restraining (1) the plaintiff Vestrymen from continuing to act as such, and (2) the defendant Bishop from enforcing his judgment.

There are certain issues of fact raised by the pleadings herein which must be determined by a trial on the merits but it is vitally important that this religious corporation have a vestry or board of trustees free to function in the interim. There now exist two distinct and opposed bodies which claim to be exclusively the official governing body of the corporation. This must necessarily result in confusion and the church corporation is without a recognized legal body to act in its behalf. Temporary relief is indicated. The court cannot on this application determine the merits of this controversy upon conflicting affidavits, nor will the court, upon this application for a temporary injunction, in any manner anticipate the ultimate determination of the questions involved. The court recognizes that a sufficient case has been presented for the preservation of the rights of the respective parties until a hearing upon the merits without expressing, and indeed without having the means of forming, an opinion as to such rights. A granting of these applications for temporary relief is simply to preserve as far as practical the subject matter upon which the decree is to operate until the court shall be enabled to ascertain and adjudicate the rights of the parties and is merely to maintain the *status quo* until a final determination on the merits can be had after a trial.

An order will be made enjoining the defendants except the Bishop *pendente lite* from " taking any action whatever purporting to declare vacant, or to fill by the election of successors, the offices now occupied by the nine individual plaintiffs as Vestrymen of the Church, until their respective terms of office expire or sooner terminate in accordance with law " or a decree of this court; and, further, from " interfering in any way with the nine individual plaintiffs in the proper exercise by them of their " present rights and the proper performance by them of their duties as Vestrymen of the church during the respective terms of their offices and until the entry of a final decree of this court; and, further, enjoining the plaintiffs and the defendant James Pernette De Wolfe, as Bishop of the Diocese of Long Island, from taking any steps to enforce the judgment of the defendant Bishop purporting to determine the pastoral relations between said religious corporation and the defendant John Howard Melish. The case will be set down for trial and all parties will be ready to proceed to trial in Special Term, Part III, of this court, on April 18, 1949, at 10:00 A.M.

Submit order accordingly.